IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**REYES ORTIZ,**

    Plaintiff,

v.

**CIVIL NO. 09-1933 (GAG)**

**McCONNELL VALDES, et al.,**

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Presently before the court is Defendants' motion to alter or amend judgment under Fed.R.Civ.P. 59(e) (Docket No. 20), which was timely opposed by Plaintiff (Docket No. 22). For the reasons set forth herein, the court **GRANTS** Defendants' motion.

"Rule 59(e) motions are granted only where the movant shows a manifest error of law or newly discovered evidence." Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008) (quoting Kansky v. Coca-Cola Bottling Co. of New Eng., 492 F.3d 54, 60 (1st Cir. 2007)). Because the movant must "clearly establish" a manifest error of law or present newly discovered evidence, it is "very difficult to prevail" on a Rule 59(e) motion. Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (citations omitted). The First Circuit has repeatedly warned movants that a motion to alter or amend judgment may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." National Metal Finishing Co. v. Barclays American/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990); see, e.g., United States v. $23,000 in U.S. Currency, 356 F.3d 157, 165 n. 9 (1st Cir. 2004) ("The repetition of previous arguments is not sufficient to prevail on a Rule 59(e) motion."); F.D.I.C. Ins. Co. v. World University, Inc., 978 F.2d 10, 16 (1st Cir. 1992) (motions under Rule 59(e) "may not be used to argue a new legal theory.").

In its Opinion and Order at Docket No. 19, the court denied Defendants' argument for dismissal of Plaintiff's Law 100 claim based on timeliness. The court first concluded that the last discriminatory act based on sex or gender against Plaintiff was alleged to have taken place on

**Civil No. 09-1933 (GAG)**

September 5, 2008, and that, therefore, Plaintiff's Law 100 claim accrued on that date. The court then went on to state that, because Plaintiff had filed her adminsitrative charge with the EEOC and the Anti Discrimination Unit of the Puerto Rico Department of Labor (ADU) on September 8, 2008, the charge served to toll Law 100's one-year statute of limitations as an extrajudicial claim. Finally, since the letter attached to the charge mentioned all of the co-defendants, the court concluded that "it cannot be said that the named co-defendants [Aponte, Rivera and Velez] were not included in Plaintiff's administrative charge," (Docket No. 19 at 8.) and proceeded to deny Defendants' motion.

Defendants argue in their motion to alter or amend judgment that, although the administrative charge mentioned co-defendants Aponte, Rivera and Velez, the same were not personally notified of Plaintiff's charge. Therefore, they contend that the administrative charge could not have served to toll the statute of limitations as an extrajudicial claim. After reviewing the applicable case law, the court finds that Defendants' analysis in this respect is sound, and that it committed an error of law by denying Defendants' motion to dismiss Plaintiff's Law 100 claim against co-defendants Aponte, Rivera and Velez as untimely.

As stated by the court in its previous Opinion and Order, the filing of a claim with the ADU constitutes an extrajudicial claim. (Docket No. 19 at 7) (citing Leon-Nogueras v. University of Puerto Rico, 964 F.Supp. 585, 587-88 (D.P.R. 1997)). However, as interpreted by the Supreme Court of Puerto Rico, in order for an administrative complaint before the ADU or the EEOC to toll the statute of limitations for a cause of action under Title VII or Law 100, each particular defendant needs to have been notified of the filing of the administrative complaint. See Leon-Nogueras, 964 F.Supp. at 588 (citing generally Matos-Molero v. Roche Products, Inc., 132 P.R. Dec. 470, 484; Cintron v. E.L.A., 127 P.R. Dec. 582, 593 (1990); Secretario del Trabajo v. Finetex Hosiery Co., 116 P.R. Dec. 823, 826-27 (1986)); see also Huertas-Gonzalez v. Univeristy of Puerto Rico, 520 F. Supp. 2d. 304, 317-18 (D.P.R. 2007). "The principal distinction between [the filing of a complaint and an extrajudicial claim] is that the filing of a complaint in court will toll the running of the statute of limitations even if the complaint is not notified to the defendant, while an

**Civil No. 09-1933 (GAG)**

extrajudicial claim *must* be notified to the defendant if it is to have a tolling effect." Id. (emphasis in original) (comparing Silva-Wiscovich v. Weber Dental Manufacturing Co., 835 F.2d 409 (1st Cir. 1987) (statute of limitations was tolled by filing of suit, even when suit was voluntarily dismissed by the plaintiffs before serving process upon the defendants), with Secretario del Trabajo, 116 P.R. Dec. 823, 827 (1986) (timely *notification* of administrative charge tolls running of statute of limitations)). In this respect, the First Circuit has summarized the applicable Puerto Rico doctrine as follows:

> [A]n extrajudicial claim does in fact include virtually any demand formulated by the creditor. The only limitations are that the claim must be made by the holder of the substantive right (or his legal representative), . . ., *it must be addressed to the debtor or passive subject of the right, not to a third party*, . . ., and it must require or demand the same conduct or relief ultimately sought in the subsequent lawsuit.

Rodriguez-Narvaez v. Nazario, 895 F.2d 38, 44 (1st Cir. 1990) (citations to Puerto Rico Supreme Court cases omitted) (emphasis added). Therefore, "[u]nlike filing a lawsuit, the mere filing of an administrative charge is insufficient to toll the running of a statute of limitations even for causes of action under employment discrimination laws. Because an administrative charge operates as an extrajudicial claim, it must be personally notified to the defendant if it is to have a tolling effect." Leon-Nogueras, 964 F.Supp. at 989.

Plaintiff does not refute Defendants' contention that the named co-defendants were not personally notified of Plaintiff's administrative charge, or its amendment. The mere inclusion of the individual defendants' names in Plaintiff's addendum to the administrative charge, which relates the alleged discriminatory events, does not suffice for an extrajudicial claim where "the debtor or passive subject of the right" did not personally receive notice. Rodriguez-Narvaez, 895 F.2d at 44 (citation omitted). Inasmuch as Plaintiff expected to effect notice of her claims as to these defendants through her administrative charge, she could not do so by notifying a third party, co-defendant McConnell Valdes. Therefore, the court must conclude that the filing of the administrative charge did not toll the statute of limitations regarding Plaintiff's Law 100 claim against co-defendants Aponte, Rivera and Velez.

Furthermore, the court is reluctant to revisit the issue of when the Law 100 claim accrued. Defendants' only argument on reconsideration focused on the sufficiency of Plaintiff's

**Civil No. 09-1933 (GAG)**

extrajudicial/administrative notification for the purpose of tolling the statute of limitations on Plaintiff's Law 100 claim. As pointed out by Defendants, Plaintiff did not move for reconsideration of the court's determination as to accrual within the 28-day jurisdictional period provided by Fed.R.Civ.P. 59(e), and now attempts to relitigate the issue of accrual in her opposition to Defendants' motion. Fed.R.Civ.P. 6(b) prohibits an expansion of the time to act under Rule 59(e). See Fed.R.Civ.P. 6(b) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d) and (e), and 60(b)."). Moreover, "[a]n untimely Rule 59(e) motion cannot be salvaged on the grounds that the opposing party filed a timely motion." See 12 Moore's Federal Practice, § 59.31[4] (Mathew Bender 3d ed.); Hidle v. Geneva County Bd. of Educ., 792 F.2d 1098, 1100 (11th Cir. 1986) (untimely motion to alter or amend does not invoke trial court's jurisdiction, regardless of whether or not opposition filed timely motion); see also Hertz Corp. v. Alamo Rent-A-Car, 16 F.3d 1126, 1129-33 (11th Cir. 1994) (same, where co-party filed timely motion).

Regardless, the court understands that it has not committed a manifest error of law as to the time of accrual. Plaintiff argues in her opposition to Defendants' motion that her claim could have accrued after September 5, 2008; some time between September 11th and October 6th, 2008, "when she became aware that she had been replaced with a male employee younger than forty (40), that is, [upon] 'the effectuation of the decision.' " (Docket No. 22 at 2) (citing Aguirre Vargas v. Fuller Brush Co. of P.R., Inc., 336 F. Supp. 2d 134, 143 (D.P.R. 2004)). Though tenuous, this is Plaintiff's only salient argument in opposition,[1] yet her own averments in the administrative charge

---

[1] Plaintiff also argued that accrual of the constructive discharge claim did not occur until March 3, 2009, when she amended her administrative charge to reflect that the defendants' actions amounted to a constructive discharge. However, as referenced by Plaintiff herself, "in the context of a constructive discharge, the date the employee elects to retire [is what] triggers the Law 100 limitation period." (Docket No. 22 at 3) (citing American Airlines v. Cardoza-Rodriguez, 133 F.3d 111, 124-25 (1st Cir. 1998)). Thus, it is irrelevant for purposes of accrual when the Plaintiff first included this claim in her administrative charge.

Plaintiff's other argument involves co-defendant McConnell Valdes's ("McV") averment in its answer to the complaint, to the effect that Plaintiff continues to be an employee of McV. (See Docket No. 10, ¶ 2.) Plaintiff contends that the court cannot dismiss the Law 100 claim without allowing discovery because McV's averment creates an issue as to whether or not her claim has accrued. The court understands, however, that this is a defense raised by McV, not the named co-defendants whose motion for dismissal is under reconsideration. The court shall consider this

4

**Civil No. 09-1933 (GAG)**

contradict it. The final remarks in her addendum to the original administrative charge, which was filed on September 8, 2008 but was dated August 25, 2008, reflect that one of the defendants had told her that she would be replaced by a younger male. (See Docket No. 11-2 at 3.) Thus, Plaintiff's claim could not have accrued past September 8, 2008, at the latest, since by then she already had knowledge of the adverse personnel action. See American Airlines, 133 F.3d at 124-25 ("Under substantive Puerto Rico law generally, actions for civil liability based on fault commence 'from the time the aggrieved person had knowledge thereof.' " (quoting Article 1968, Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5298 (1991))). That would put the filing of the complaint in this case (September 15, 2009) past the one-year statute of limitations for Law 100 claims.

Having determined that Plaintiff's Law 100 claim accrued on September 5, 2008 (or September 8, 2008, at the latest), and that the filing of the administrative charge (or its amendment) did not toll the one-year statute of limitations as to the individually named co-defendants, the court must conclude that Plaintiff's Law 100 claim was time-barred by the time the complaint was filed in this case, on September 15, 2009. Accordingly, Plaintiff's Law 100 claim against co-defendants Aponte, Rivera and Velez is hereby **DISMISSED** as untimely.

**SO ORDERED.**

In San Juan, Puerto Rico this 10th day of May, 2010.

*S/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge

---

argument as to McV, if and when McV moves for dismissal or summary judgment.

5